ARTHUR CARTER HUME, as Trustee for GENEVRA W. WOODRUFF, under an Assignment in Trust, Dated June 15, 1920, Appellant, *v.* GENEVRA W. H. WOODRUFF (Formerly GENEVRA W. HOGAN), Respondent, Impleaded with TITLE GUARANTEE AND TRUST COMPANY and Others, Defendants.

First Department, July 1, 1921.

Mortgages — foreclosure — separate defense in effect counterclaim to which reply properly served — duty to serve reply — matters set up by reply not superfluous, irrelevant or scandalous as to issue raised by counterclaim.

In mortgage foreclosure proceedings a separate defense set forth that the bond and mortgage had been assigned to secure a corporate debt, but by reason of the renewals of notes without notice to the assignor had been reassigned under an order of the Federal court in an action for such purpose, whereupon defendant claimed to be entitled to contribution

from plaintiff's assignor and from plaintiff, the assignee, to the extent of the bond and mortgage. *Held*, that such separate defense, while pleaded specifically as such, is in effect and substance a counterclaim under section 501 of the Code of Civil Procedure, and that, therefore, plaintiff was justified in serving a reply thereto under section 514 of said Code.

It was not only the right of the plaintiff to serve his reply, but it was his duty so to do, and the respondent could have compelled the service of a reply if appellant had not served it.

In such case the objection that the reply contains matter which should be stricken out as superfluous, irrelevant or scandalous is not tenable, since the facts set forth are relevant and material upon the issue tendered by the counterclaim.

APPEAL by the plaintiff, Arthur Carter Hume, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of April, 1921, granting defendant's motion to strike from the files the reply and the amended reply of the plaintiff to the answer.

*Arthur Carter Hume,* for the appellant.

*John Kirkland Clark* of counsel [*Clark, Prentice & Roulstone,* attorneys], for the respondent.

DOWLING, J.:

This action was brought to foreclose a mortgage given to secure the payment of the sum of $18,000 with interest covering certain premises located in the borough of Manhattan, city of New York. The answer of the respondent herein, after certain denials of allegations of the complaint, sets up three separate defenses which, briefly stated, are as follows:

*First.* That Genevra W. Woodruff, plaintiff's assignor, who is alleged to be the real party in interest, had violated an injunction issued in a certain proceeding in the Superior Court of Middlesex county, State of Connecticut, wherein the respondent was plaintiff and plaintiff's assignor was defendant, whereby said assignor was enjoined, pending the determination of the said action, from assigning or in any way disposing of the bond and mortgage in suit herein, and that the assignment made by Genevra W. Woodruff to the plaintiff was made in defiance of the order of said court and that the plaintiff herein and his assignor have violated said injunction and do not come into this court with clean hands and the proceeding brought herein is, therefore, without equity.

*Second.* That there was an agreement made at the time the mortgage in question was executed and delivered whereby plaintiff's assignor agreed with respondent that so long as said assignor resided with respondent in the premises in question no interest should accrue upon said bond or upon the indebtedness secured by said mortgage but that the continued residence of the said assignor on said property should be regarded as payment in full on account of said interest; wherefore no interest accrued upon said bond or upon the indebtedness secured by the mortgage but that the same had been fully paid and discharged.

*Third.* That prior to the commencement of this action Genevra W. Woodruff, plaintiff's assignor, was financially interested in a certain corporation in which respondent was also interested but in which she was neither an officer nor director; that said corporation needed capital in connection with its business and had, prior to February 4, 1916, obtained large sums of money on notes made by it and delivered to certain national banks in Vermont which are also parties defendant in this action; that certain of the loans evidenced by such notes had become due and payable and the corporation was unable to meet same and, therefore, it was necessary to enable it to continue its business to procure the renewal of said loans; that in order to secure the renewal of these loans the corporation was notified that it would be required to deposit with a trustee, or with the banks, certain additional property as collateral security. Whereupon, the son of Genevra W. Woodruff, plaintiff's assignor, requested her to come to the assistance of the corporation by loaning certain property belonging to her which should be deposited as additional collateral for the loans to the corporation; that on or about February 4, 1916, said assignor, in order to protect her interest in the corporation and to secure the extension of its loans, transferred to one Charles G. Staples, as cashier, all her right, title and interest in and to the bond and mortgage described in the complaint herein and on which this action is brought. The respondent herein, pursuant to a request from the corporation, also deposited as collateral for its loans certain stocks, bonds and other securities belonging to her which were pledged with the Vermont National Bank

as collateral security for the renewal loans, and said respondent also indorsed and guaranteed such renewal notes, her action in so guaranteeing being based, among other things, upon the understanding that plaintiff's assignor had, as such additional security, deposited the said bond and mortgage for the benefit of the said banks. Thereafter the notes were from time to time renewed, the renewals purporting to be secured by the securities hereinabove described. On or about April 4, 1917, the corporation was adjudged a bankrupt and its property was insufficient to discharge its indebtedness to said banks. Thereupon the securities which defendant had deposited as collateral for the indebtedness were sold and respondent has also made payments otherwise on account of said indebtedness aggregating more than $61,000. Thereafter plaintiff's assignor instituted a proceeding in the United States District Court for the District of Vermont against the banks and the trustee in bankruptcy and obtained a decree directing the return to her of the bond and mortgage in question upon the ground that the extension of the notes, as security for which the bond and mortgage had been deposited, had been made by the banks without the consent of plaintiff's assignor. Whereupon the bond and mortgage in pursuance to the decree were reassigned to plaintiff's assignor. It is alleged that the fact that such extension by which plaintiff's assignor obtained the discharge of the bond and mortgage from the obligation of the corporation were procured without the knowledge of the said assignor was unknown to respondent, and the action of said corporation in obtaining the renewals without the consent of plaintiff's assignor was likewise unknown to respondent. It is finally averred that as a result of the transactions hereinabove set forth plaintiff's assignor has avoided the payment of any part of the indebtedness of the said corporation and has allowed and permitted this respondent to meet and discharge all of the same without making any contribution toward such payment to respondent; that thereupon respondent became entitled, as against plaintiff's assignor, to contribution toward the payments made by respondent for the discharge of the obligation of the corporation to the extent of the total value of the bond and mortgage,

and that said assignor has paid nothing on account of the said obligation to make contribution. Whereupon respondent claims to have become entitled to contribution from plaintiff's assignor and from plaintiff herein, the alleged assignee of the bond and mortgage, to the extent of the total amount which is claimed to be due thereunder. The judgment asked is that the complaint herein be dismissed and that the bond and mortgage set forth in the complaint be declared paid, canceled and discharged.

To this answer plaintiff has served a reply and an amended reply which the respondent has moved to strike from the files upon the ground that they are superfluous, irrelevant and scandalous; or, in the alternative, to strike out certain specified paragraphs therefrom. These paragraphs sought to be eliminated have to do entirely with facts pleaded as a defense to the third separate defense hereinbefore summarized.

I am of the opinion that under section 501 of the Code of Civil Procedure this third separate defense, while pleaded specifically as a defense, is in form, effect and substance a counterclaim for it complies with all the requirements of the said section as such. This being so, the plaintiff was justified in serving a reply to the counterclaim under the provisions of section 514 of the Code of Civil Procedure. In my opinion it was not only the right of the plaintiff to serve his reply but it was his duty so to do and the respondent could have compelled the service of a reply if appellant had not served such a pleading.

Nor is the objection tenable that the reply contains matter which should be stricken out as superfluous, irrelevant or scandalous. The facts set forth are relevant and material upon the issue tendered by the counterclaim and are properly included in the amended reply.

The order appealed from will, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, MERRELL and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.